# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TYLEEK BAKER, | : | |
| Petitioner, | : | Civil Action No. 20-8235 (MAS) |
| v. | : | **MEMORANDUM AND ORDER** |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, | : | |
| Respondent. | : | |

*Pro se* Petitioner Tyleek Baker, an inmate currently confined at New Jersey State Prison, seeks to bring a habeas petition pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner has not prepaid the $5.00 filing fee for a habeas petition, nor has he submitted an application to proceed *in forma pauperis* in this matter.

The filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas corpus and seeks to proceed *in forma pauperis*, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying the amount presently on deposit in the prisoner's prison account and the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification. If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed *in forma pauperis*. L. Civ. R. 81.2(c).

Here, Petitioner has not paid the $5 filing fee nor has he submitted an *in forma pauperis* application. Accordingly, Petitioner must either submit the $5 filing fee or a complete application to proceed *in forma pauperis* for his habeas petition to be considered.

**IT IS THEREFORE** on this ___8th___ day of ___July___, 2020,

**ORDERED** that the Clerk of the Court shall administratively terminate this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *DaSilva v. Sheriff's Dept.*, 413 F. App'x 498, 502 (3d Cir. 2011) ("[T]he statute of limitations is met when a complaint is submitted to the clerk before the statute runs . . . .");

**ORDERED** that the Clerk of the Court shall forward to Petitioner a blank form Affidavit of Poverty and Certification (Habeas Corpus) (DNJ-Pro Se-007-B (Rev. 09/09)), to be used by Petitioner in any application to proceed *in forma pauperis*;

**ORDERED** that the Clerk's service of the form shall not be construed as this Court's finding that the original Petition is or is not timely, or that Petitioner's claims are or are not duly exhausted;

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, within 30 days of the date of entry of this Order; and shall include the $5 filing fee or a complete application to proceed *in forma pauperis*, failure to do so will result in the Court entering an Order dismissing the Petition without prejudice;

**ORDERED** that upon notification from Petitioner that he wishes to reopen this case the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**