**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYLEEK BAKER,<br><br>                Petitioner,<br><br>     v.<br><br>THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,<br><br>                Respondents. | Civil Action No. 20-8235 (MAS)<br><br>**OPINION** |

**SHIPP, District Judge**

    This matter comes before the Court on Petitioner's motion for reconsideration (ECF No. 13) of this Court's order and opinion denying his habeas petition (ECF Nos. 11-12) brought pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(i). For the following reasons, the motion is denied.

**I.**    **BACKGROUND**

    This Court summarized the factual background relevant to the claim on which Petitioner seeks reconsideration as follows:

> For the first time during direct appeal, Petitioner raised a claim that the trial judge denied him his right to Due Process when the judge failed to recuse himself based on the judge's previously having been involved to some extent with several juvenile prosecutions of Petitioner many years before his trial. *Id.* at *2. Petitioner also asserted that his trial counsel told him that he had spoken to the judge about the issue but had accepted the trial judge's promise to be fair. *Id.* at *19. The Appellate Division, however, declined to consider the merits of that claim on direct appeal as it implicated issues outside of the trial record and likewise implicated issues of trial counsel's effectiveness and therefore had to be raised through

a petition for post-conviction relief. *Id.* In so doing, however, the Appellate Division noted that the "record [of Petitioner's trial proceedings] fails to reveal any discussion took place between defense counsel and the judge." *Id.*

Following the conclusion of his direct appeal, Petitioner filed a petition for post-conviction relief ("PCR"). *See State v. Scott*, 2019 WL 3811913 at *4 (N.J. Super. Ct. App. Div. Aug. 14, 2019), *certif. denied*, 240 N.J. 390 (2020). In affirming the denial of Petitioner's PCR petition, the Appellate Division summarized the procedural history of that petition as follows:

> [The PCR petitions of Petitioner and co-defendants] were transferred to the Monmouth vicinage where the PCR court heard all of the PCR petitions together. The PCR judge ordered the in-camera production of fourteen internal files from the prosecutor's office about [Petitioner's] charges as a juvenile. Review showed a number of documents between 1993 and 1998 where the trial judge had some level of involvement[.] Some of the documents indicated a supervisory capacity. There were also four juvenile delinquency complaints against [Petitioner] that the trial judge had signed in his former capacity as an assistant prosecutor.
>
> The PCR Court allowed written interrogatories to be posed to the trial judge for his response, but the parties could not contact the trial judge directly. [Petitioner and his co-defendants] filed motions to recuse the PCR judge based on the procedures she had set up. . . The PCR court denied these motions.
>
> In his answers to the interrogatories, the trial judge certified he was an assistant prosecutor from 1988 to 1999, serving as a trial attorney August 1993 and a supervisor from then until 1999. As a supervising prosecutor, he conferenced over 500 cases and tried over twenty juvenile cases per year. In his answers, he denied that Baker's counsel told him about any potential conflict when he handled the trial of [Petitioner], and he had no recollection of previously prosecuting [Petitioner.] Had he remembered, or received any evidence about prosecuting [Petitioner], he "would have transferred the case to another judge."

> . . . .
>
> The PCR court heard oral argument on all of the PCR petitions and in a comprehensive, well-reasoned opinion, denied the petitions on April 29, 2016, without the evidentiary hearing [Petitioner] requested.
>
> [Petitioner's] PCR petition alleged that his trial counsel "rendered assistance that was constitutionally ineffective." Relevant here, he claimed his attorney was ineffective by allowing the trial judge to preside over a case where the judge previously had prosecuted him when he was a member of the prosecutor's office.
>
> The PCR court rejected [Petitioner's] claim that he was entitled to relief based on his allegation the trial judge prosecuted him as a juvenile offender. [Petitioner] could have raised this conflict issue at any point prior to, during or after trial. He did not raise it until 2010, two years after the trial. More importantly, [Petitioner] did not allege any actual bias by the trial judge. Because [Petitioner] was not alleging the judge acted with bias or partiality, [Petitioner] could not show that the result of the proceeding would be different if the trial court were disqualified retroactively. The PCR court found no corroborating evidence that Baker's trial counsel informed the trial court about the conflict prior to trial. The trial court denied any such notice.

*Id.*

On appeal from the denial of PCR relief, the Appellate Division rejected both Petitioner's ineffective assistance of counsel claim and his contention that the wrong standard had been applied and that the judge should have been retroactively disqualified on the basis of the potential for bias. *Id.* at *7-8. The Appellate Division explained that decision as follows:

> Eleven years passed between [Petitioner's] juvenile cases and his trial in 2008. The judge was not aware of any prior involvement with Baker. The issue was not raised during the trial when the State or judge could have addressed it. There was no bias by the

3

> judge and all of [Petitioner's] appeal issues about the conviction and sentence were addressed and affirmed. [Petitioner] had many opportunities to raise this issue. The State would likely be prejudiced if records no longer exist or witnesses are not available if we were to reverse.
>
> [Petitioner] provided no corroboration for his claim that he advised his attorney about this issue prior to trial. He concedes there was no proof of actual bias by the judge. He has not argued or shown that the result of the trial would have been different had the alleged conflict been disclosed.
>
> We are satisfied based on the totality of the facts that denial of [Petitioner's] PCR will not erode the public's confidence in the integrity of the judiciary and that Baker's fair trial rights were not violated. He did not show he was prejudiced or that the result of the proceeding would have been different. Without a prima facie case of ineffective assistance of counsel, an evidentiary hearing was not warranted.

*Id.* at *8.

(ECF No. 11 at 2-5.)

In his habeas petition, Petitioner contended that he was denied his right to Due Process because the judge who oversaw his criminal case had been previously involved in a juvenile proceeding against him in some capacity. In support of this contention, Petitioner argued that there was a missing transcript which he contended contained proof that his trial counsel, Paul Bergrin, informed the trial judge of this history and the resulting conflict, which Petitioner contends disproves the judge's assertions to the Appellate Division, and he moved to compel the state courts to provide this alleged smoking gun transcript. (*See* ECF No. 9.) This Court denied this claim and the motion to compel, explaining as follows:

> In his habeas petition, Petitioner presents a single claim – that he was denied Due Process because the trial judge who oversaw his criminal prosecution had previously been involved in some capacity

4

in some of his juvenile delinquency matters more than a decade before his criminal trial in this matter.[] Although it is "axiomatic that [a] fair trial in a fair tribunal is a basic requirement of due process[,] . . . most matters relating to judicial disqualification [do] not rise to a constitutional level." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009) (internal citations and quotations omitted). The Due Process Clause will only require the disqualification of a trial judge under certain limited sets of circumstances including where the judge has "a direct, personal, substantial, pecuniary interest in a case," and where a judge has a conflict arising out of "his participation in an earlier proceeding" and that prior involvement, such as where the judge charges a defendant with criminal contempt, ensures that the judge "cannot be, in the very nature of things, wholly disinterested in the conviction or acquittal of the accused." *Id.* at 876-81. Where a claim of this second type is raised, the inquiry involved is objective – the question is not whether the judge "is actually, subjectively biased, but whether the average judge in his position is 'likely' to be neutral, or whether there is an unconstitutional 'potential for bias.'" *Id.* at 881. A Due Process violation will only be found where the judge "would have been required to recuse herself." *McKernan v. Superintendent Smithfield SCI*, 849 F.3d 557, 565 n. 44 (3d Cir. 2017).

In this matter, the evidence in the record indicates that the trial judge had no recollection of any involvement in Petitioner's juvenile cases, more than a decade had passed between the judge's final involvement in any of Petitioner's delinquency matters by the time trial had begun, and there is no evidence which corroborates Petitioner's assertion that the alleged conflict was brought to his attention – the record instead indicates that it was only raised on appeal. Given these facts, there is no clear potential for bias and the average judge placed in such circumstances would be more than capable of acting in a neutral capacity. Indeed, the trial record and Petitioner's own concession that there was no bias on display throughout trial proceedings supports such a conclusion. Petitioner's claim that the trial judge was unconstitutionally biased and that the failure to disqualify him violates Due Process protections is without merit. The Appellate Division's decision to reject that claim was neither contrary to, nor an improper application of federal law, and Petitioner's sole claim therefore serves as no basis for habeas relief.

The Court further notes that even claims of a constitutional dimension will not serve as a basis for habeas relief unless the violations "had a substantial and injurious effect or influence in determining the jury's verdict." *Fry v. Pliler*, 551 U.S. 112, 115-16 (2007) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993)).

> Here, given the lack of any apparent bias, Petitioner has utterly failed to show that the failure to disqualify the trial judge had a substantial and injurious outcome on the result of his trial – indeed, the evidence against him including direct eyewitness testimony was quite strong. Any alleged error was thus clearly harmless and insufficient to warrant habeas relief in any event. *Id.*
>
> . . . .
>
> . . . [I]n March 2021, long after the time for filing a timely reply had expired, Petitioner filed a motion requesting that this Court "compel" Respondents to provide an "unedited" transcript for a hearing which allegedly took place before the trial judge on August 25, 2008, which Petitioner asserts will prove his trial counsel raised the conflict issue to the trial judge's attention. (ECF No. 9.) In that motion, however, Petitioner provides a copy of an August 25, 2008, transcript relating to an appearance of his co-defendant, previously provided by Respondents, which does not clearly mention any formal appearance by Petitioner or his counsel, and does not appear to have been edited in any way. (*See* ECF No. 9 at 12-21.) Petitioner likewise asserts in his motion that an employee of the Ocean County Superior Court's transcript unit directly told him that "no such transcript can be found." (*Id.* at 8.) Petitioner thus presents nothing but his own bald assertion that the transcript was in some way doctored to remove the alleged critical exchange, and the assertions and evidence he does provide undercut that bald assertion.
>
> Respondents filed opposition to Petitioner's motion. (ECF No. 10.) In that opposition, Respondents argue that no such transcript exists, that the record before this Court contains all of the transcripts obtained by Petitioner's PCR counsel and supplied to the trial court. Respondents further argue that the State possesses no other August 25, 2008, transcript, and that Petitioner's PCR counsel failed to obtain any evidence substantiating Petitioner's bald assertion of a doctored transcript during the PCR proceedings. All of the foregoing ultimately results in the rejection of Petitioner's claims. (*Id.*) As there is no evidence that the transcript in question actually exists, and Petitioner has presented nothing but a bald assertion that the transcript the Court does have is in any way doctored or altered, his motion seeking to have the Court compel the production of an alleged transcript not in the possession of Respondents or the state court (ECF No. 9) is denied.

(ECF No. 11 at 6-9.)

On or about June 15, 2021, Petitioner filed a timely motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(i). (ECF No. 13.) In his motion, Petitioner states that, after the briefing in this matter had completed, he continued to seek further transcripts from the state courts, ultimately resulting in them locating a plea cutoff transcript involving him on August 26, 2008, which neither the state nor his attorneys were able to produce during his PCR proceedings. (*Id.*) In this transcript, the state trial court conducted Petitioner's plea cutoff hearing and conducted a waiver hearing as to Petitioner's right to challenge any conflict of interest arising out of his trial counsel's ongoing criminal proceedings. (ECF No. 13 at 15-36.) As Petitioner himself admits, however, this "newly discovered" transcript "is devoid of any mention of Judge Daniels acknowledging he knew petitioner," (*see id.* at 10,) and nothing in the transcript in any way supports Petitioner's assertion, rejected by the state courts, that his attorney told the judge about their history and the judge acknowledged any knowledge of Petitioner or his juvenile cases. (*Id.* at 15-36.) Petitioner contends in his motion, however, that this new transcript, which in no way supports Petitioner's underlying habeas claim or his assertion that there are some other transcripts which might prove his claim, should give this Court cause to reopen this matter.

## II.  LEGAL STANDARD

Whether brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or Local Civil Rule 7.1(i), the scope of a motion for reconsideration is extremely limited, and courts will grant such motions only sparingly. *Delanoy v. Twp. of Ocean*, No. 13-1555, 2015 WL 2235103, at *2 (D.N.J. May 12, 2015) (as to Local Civil Rule 7.1(i)); *see also Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (as to Rule 59(e)). An order of the Court may be altered or amended pursuant to such a motion only where the moving party establishes one of the following grounds for relief: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of

law or fact to prevent manifest injustice." *Delanoy*, 2015 WL 2235106 at *2 (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also Blystone*, 664 F.3d at 415 (applying same standard to 59(e) motions). In the reconsideration context, a manifest injustice will generally arise only where "the Court overlooked some dispositive factual or legal matter that was presented to it," or committed a "direct, obvious, and observable" error. *See Brown v. Zickefoose*, No. 11-3330, 2011 WL 5007829, at *2, n. 3 (D.N.J. Oct. 18, 2011). Reconsideration motions may not be used to relitigate old matters or to raise arguments or present evidence or allegations that could have been raised prior to entry of the original order, and courts should only grant such a motion where its prior decision "overlooked a factual or legal issue that may alter the disposition of the matter." *Delanoy*, 2015 WL 2235106 at *2.

### III.   DISCUSSION

In his motion for reconsideration, Petitioner contends that this Court should reopen this matter and vacate its prior opinion and order because, after considerable efforts, the state court transcript unit was able to produce a new transcript which was not discovered previously in any of Plaintiff's PCR or habeas proceedings. By Petitioner's own admission, however, this transcript in no way supports his contention that his trial attorney informed the trial judge of his history with Petitioner, nor Petitioner's assertion that the trial judge acknowledged that history. Indeed, because this plea cutoff hearing is devoid of any such conversation between Petitioner's trial attorney and judge, and because Petitioner previously asserted that it was at such a plea cutoff hearing that this alleged discussion took place, this transcript effectively undercuts Petitioner's contentions and in fact fully supports the state court's conclusion that the record was devoid of anything which suggested that the trial judge was in any way aware of Petitioner's juvenile records or any resulting conflict. The "new" records Petitioner provides do not support his habeas claim

for relief, nor do they in any way suggest that there is yet another transcript waiting in a dusty vault to be discovered which may yet prove Petitioner's claim.

More to the point, as this Court previously explained to Petitioner, even if his claim that the trial judge was aware of his vague involvement in Petitioner's juvenile proceedings and there was a resulting conflict, that alleged error would not be a valid basis for habeas relief unless Petitioner suffered actual prejudice from that conflict. *Fry*, 551 U.S. at 115-16. Petitioner has utterly failed to show that he was in any way prejudiced – as noted by the Appellate Division and quoted above, Petitioner has never shown any actual bias on the part of the trial judge, any harm resulting from the alleged conflict, nor any aspect of trial that would have been different had a different judge presided over it. He has therefore failed to show in any way that the alleged conflict issue had a substantial and injurious effect on his trial, and any error that may have occurred is therefore harmless and insufficient to warrant habeas relief. *Id.* Petitioner has therefore failed to show that he suffered a manifest injustice or that this Court otherwise erred in its previous opinion and order, and has not shown any valid basis for reconsideration. His reconsideration motion (ECF No. 13) is therefore denied.

## IV. CONCLUSION

In conclusion, Petitioner's reconsideration motion (ECF No. 13) is **DENIED**. An appropriate order follows.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

9